JOHN TEMPLE *v.* MARSHALL & JAMES et al.

A party will not be allowed, collaterally, to vary or complete a record by parol evidence, but when the ground of action was solely to obtain a remedy for an injury suffered by plaintiff through a clerical omission of an important entry connected with and indispensable to a certain legal proceeding, namely, the omission to enter the order of appeal, and when the plaintiff had laid the foundation for the introduction of proof of the omission, by the production of the bond of appeal and the transcript made for the review of the proceedings in the Supreme Court. Under these peculiar circumstances, parol proof, by the custodian of the record, of the omission to enter the order of appeal, should have been allowed.

APPEAL from the District Court of the parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiff. *Hunter*, for defendants.

BUCHANAN, J. This suit grows out of that of the same title, No. 469, of the docket of this court, just decided. The Clerk of the District Court having neglected and omitted, as it is alleged, to enter on the minutes the motion and order of appeal from the judgment dissolving the injunction obtained by plaintiff in that other suit, the defendant, plaintiff in the execution injoined, after the legal delay for a suspensive appeal from that judgment had elapsed, caused another execution to issue against plaintiff, which execution was injoined by the present suit, on the ground that plaintiff had taken and was prosecuting a suspensive appeal from the judgment dissolving his previous injunction, and that, although no order for such an appeal appeared on the minutes, yet this was through an omission of the Clerk, bond having been given and a transcript made out for and filed in the Supreme Court.

On the trial of the case, plaintiff offered to prove, by the Clerk of the District Court, that plaintiff, at the term of the court in which the judgment of dissolution of his injunction had been rendered, had moved, through his attorneys, in open court, for an appeal, which was granted, and the amount of the bond for a suspensive appeal fixed by the court, and the appeal made returnable to the Supreme Court at Monroe on the first Monday of October, 1855, which evidence was rejected by the court, on the ground that an omission of the Clerk to enter an order of appeal could not be supplied by parol testimony.

We think this ruling of the court wrong under the circumstances. It is unquestionably true, that a party would not be allowed to vary or complete a record by parol evidence, collaterally. *State* v. *Lonjimeau*, 6 An. 700. But here the whole ground of action was an injury suffered by plaintiff through a clerical omission of an important entry connected with and indispensable to a certain legal proceeding. The object of the suit was solely to remedy the omission, and the plaintiff had laid the strongest foundation for the introduction of proof of the omission, by the production of the bond of appeal and the transcript made for the review of the proceedings in the Supreme Court by appeal.

Under these peculiar circumstances, the proof, by the custodian of the record himself, of the omission to enter the order of appeal should have been allowed.

But it will be unnecessary to send the cause back for the purpose of procuring this testimony. The only result in favor of appellant of such a proceeding could be the perpetuity of his injunction. But in the case No. 469, just decided, we have passed upon the merits of his previous injunction, and have dissolved it. That injunction was the sole basis of the present one, and that

81

having fallen, it is impossible that this can stand. This injunction was well taken, however, under the state of facts existing at the time it was applied for and the plaintiff should be exonerated from the costs of a suit rendered necessary by the fault of his adversaries.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, that this suit be dismissed, and the injunction dissolved, and that the defendants, *Marshall & James*, pay costs in both courts.